Matter of Zugibe v Russo (2023 NY Slip Op 01800)

Matter of Zugibe v Russo

2023 NY Slip Op 01800

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2018-01257 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Thomas P. Zugibe, etc., petitioner,
v
Kevin Russo, etc., et al., respondents.

Thomas E. Walsh II, District Attorney, New City, NY (Tina Guccione of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Barbara D. Underwood and James B. Cooney of counsel), for respondent Kevin Russo.

Proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, to prohibit the respondent Kevin Russo, a Judge of the County Court, Rockland County, from permitting the video recording of proceedings in an action entitled People v Donis , commenced in that court under Indictment No. 249/17. Motion by the respondent Kevin Russo to dismiss the proceeding on the ground that it has been rendered academic. By decision and order on motion of this Court dated July 17, 2018, the motion was held in abeyance and referred to the panel of Justices hearing the proceeding for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the proceeding, it is
ORDERED that the motion to dismiss the proceeding is granted; and it is further,
ADJUDGED that the proceeding is dismissed as academic, without costs or disbursements.
The instant proceeding has been rendered academic, and this case does not warrant the invocation of the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne , 50 NY2d 707, 714-715). Accordingly, the proceeding must be dismissed.
DILLON, J.P., MILLER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court